**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Antonio CIRANDA–SANCHEZ,
Defendant—Appellant.**

No. 10–50392.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2011.

Filed Aug. 22, 2011.

Aaron B. Clark, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

ed by 9th Cir. R. 36–3.

Devin Burstein, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and GWIN, District Judge.*

MEMORANDUM **

The district court did not abuse its discretion by substituting an alternate juror because of the original juror's loud, distracting cough. A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Hinkson,* 585 F.3d 1247, 1259 (9th Cir.2009) (en banc) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (internal quotation marks omitted)). Neither error occurred in this case.

Whether a juror is unable to continue to serve "is the kind of question peculiarly suited to the exercise of discretion by the trial judge." *United States v. Echavarria–Olarte,* 904 F.2d 1391, 1395 (9th Cir. 1990). Although the original juror was willing to complete her jury service, the district court observed not only her cough, but the other jurors' reactions to her cough. The district court's determination that the cough's distraction to both the juror herself and the other jurors required the substitution of an alternate juror "is one that a rational jurist could have made based on the record presented to him."

---

* The Honorable James S. Gwin, District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

*See United States v. Bonas,* 344 F.3d 945, 948 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.